# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 6108 | **DATE** | 12/16/2002 |
| **CASE TITLE** | William T. Divane vs. Krull Electric Co. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant John J. Curry, Jr.s motion for summary judgment (259-1) is denied. Status hearing scheduled for December 19, 2002 is stricken. No court appearance is required on December 19, 2002. Status hearing set for January 15, 2003 at 9:30a.m. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | DEC 18 2002 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 268 |
| | Mail AO 450 form. | | dockating deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| SLB | courtroom deputy's initials | U.S. DISTRICT COURT 02 DEC 16 PM 4:31 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

WILLIAM T. DIVANE, JR., et al., as the   )
ELECTRICAL INSURANCE TRUSTEES,   )
   )
   Plaintiffs,   )
   )
   v.   )
   )
KRULL ELECTRIC CO., INC. and   )
JOHN J. CURRY, JR.,   )
   )
   Defendants.   )

**DOCKETED**

DEC 1 8 2002

95 C 6108

Judge George W. Lindberg

## MEMORANDUM OPINION AND ORDER

On March 24, 1998, this court sanctioned defendant Krull Electric Company's attorney, John Curry ("Curry"), pursuant to Federal Rule of Civil Procedure 11. Plaintiffs subsequently filed a complaint in a supplementary proceeding, pursuant to Federal Rule of Civil Procedure 69, alleging that Curry fraudulently conveyed real estate held in joint tenancy to himself and his wife in tenancy by the entirety, to hinder plaintiffs in their attempt to collect the Rule 11 sanction award. Before the court is Curry's motion for summary judgment.

The court first notes that this motion for summary judgment is Curry's second. Curry filed his first motion for summary judgment on April 19, 2002, arguing that his subsequent reconveyance of the property back to its original status rendered plaintiffs' claim moot. The court denied Curry's motion on June 20, 2002. The motion presently before the court seeks judgment on the merits of the fraudulent conveyance claim.

A court may, in its discretion, allow a party to file a successive motion for summary judgment, "particularly if good reasons exist." Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir.

$268$

1995). A successive summary judgment motion is especially appropriate if one of the following grounds exists: "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice." Id. (quoting Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986)).

No good reason exists to allow Curry to file a second motion for summary judgment. No change in applicable law has taken place, no new evidence has come to light, and no error is alleged to have occurred. Rather, Curry's reason for conducting this litigation in this piecemeal fashion is that doing so is easier for him. As he explains in his reply brief (he does not mention that this is a successive motion earlier in his filings), "mootness was a compelling, and simpler, basis for bringing the first motion." Curry's explanation is entirely unacceptable. This court has neither the time nor the inclination to consider arguments one at a time in serial motions, to suit a litigant's convenience.

Although the court would be justified in denying Curry's motion on that basis alone, the motion is readily denied on its merits. The undisputed facts are as follows. On March 24, 1998, this court imposed Rule 11 sanctions against Curry. Seven days later, on March 31, 1998, Curry and his wife conveyed property they owned in joint tenancy to themselves in tenancy by the entirety. Curry stated in an affidavit dated April 2, 1998 that he did not have enough cash to pay the sanction, and that even if he liquidated his assets, he still would be unable to satisfy the sanction award or the claims of his other creditors.

Curry now claims that the statements in his April 2, 1998 affidavit were incorrect. In a new affidavit, dated October 23, 2002, Curry now states that he had the financial ability to satisfy

2

the sanction award at the time he conveyed the property. In a supplemental affidavit, dated November 14, 2002, Curry explains that in his haste to file a motion to vacate the sanction order in 1998, he made several errors in his supporting affidavit. For example, the 1998 affidavit did not reflect that Curry received mortgage payment contributions from his property co-owners Jamie Curry and Deirdre Curry, because Curry did not know whether Jamie and Deirdre would continue to work and be able to continue to make their contributions in the future. In addition, "transcription errors" resulted in an understatement of income and an overstatement of expenses. According to Curry, with these errors corrected, the evidence shows that he had the ability to satisfy the sanction award.

As for Curry's intent in conveying the property into tenancy by the entirety, Curry claims that he and his wife had agreed to do so prior to their marriage in 1997, and that the conveyance merely gave effect to that agreement. In addition, Curry claims that he conveyed the property as part of his estate planning with his wife. Finally, Curry claims that he intended to give added protection to the property in the event that his malpractice insurance did not adequately cover a future judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial burden of identifying "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The non-movant must then come forward with "specific facts showing that there is a genuine issue for

3

trial." Fed. R. Civ. P. 56(e). The court must review the evidence and draw all reasonable inferences in favor of the non-moving party. Associated Milk Producers, Inc. v. Meadow Gold Dairies, Inc., 27 F.3d 268, 270 (7th Cir. 1994).

Curry contends that summary judgment in his favor is proper because plaintiffs cannot establish that Curry's sole intent in conveying the property was to avoid paying the sanction award, or that Curry was unable to pay his debts at the time of the conveyance. The tenancy by the entirety provision of the Illinois Code of Civil Procedure provides the intent standard that governs a challenge by a creditor to the propriety of a transfer of property to tenancy by the entirety. Premier Prop. Mgmt., Inc. v. Chavez, 728 N.E.2d 476, 482 (Ill. 2000). That provision states:

> Any real property, or any beneficial interest in a land trust, held in tenancy by the entirety shall not be liable to be sold upon judgment entered on or after October 1, 1990 against only one of the tenants, except if the property was transferred into tenancy by the entirety *with the sole intent to avoid the payment of debts existing at the time of the transfer beyond the transferor's ability to pay those debts as they become due.*

735 ILCS 5/12-112 (emphasis added).

The court finds that issues of fact remain for trial. Plaintiffs have presented evidence that Curry conveyed his property a mere seven days after the court imposed a sanction on him. It is for the trier of fact to weigh the suspicious timing of the conveyance against Curry's justifications. Similarly, the trier of fact must determine the credibility of Curry's recent statement that he had the ability to pay his debts at the time of the conveyance, given Curry's own sworn statements in his April 2, 1998 affidavit to the contrary.[1] A reasonable jury could

---

[1] Plaintiffs suggest that the inconsistencies in these statements may support further Rule 11 sanctions. The court defers consideration of that issue until after trial of this matter.

conclude that the timing of the conveyance establishes that Curry's sole intent was to avoid paying the sanctions award, and that Curry did not have the ability at the time of the conveyance to pay his debts.

**ORDERED:** Defendant John J. Curry, Jr.'s motion for summary judgment [259-1] is denied.

ENTER:

George W. Lindberg
Senior United States District Judge

DEC 16 2002

DATED: _____

5