IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM T. DIVANE, JR., et al. ) | |
| ) | |
| Plaintiffs, ) | No. 95 C 6108 |
| ) | |
| v. ) | Hon. George W. Lindberg |
| ) | Presiding Judge |
| KRULL ELECTRIC CO., et al., ) | |
| ) | **FILED** |
| Defendants. ) | JAN 3 2003 |
| | MICHAEL W. DOBBINS |
| | CLERK, U.S. DISTRICT COURT |

## NOTICE OF MOTION

TO: SEE ATTACHED CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on the 8th day of January, 2003, at the hour of 10:00 a.m., I shall appear before the Honorable Judge George W. Lindberg in the courtroom usually occupied by him, Courtroom 1425, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, or before any other judge presiding in his stead, and then and there present the attached **RESPONDENT'S MOTION TO RECONSIDER DECISION DENYING MOTION FOR SUMMARY JUDGMENT** at which time you may appear if you see fit to do so. A copy of the aforedescribed pleading is herewith served upon you.

John J. Curry

Anthony J. Nasharr
John J. Curry
Foran, Nasharr & O'Toole LLC
55 West Wacker Drive, Suite 925
Chicago, Illinois 60601
(312) 704-4444

272

# CERTIFICATE OF SERVICE

The undersigned being first duly sworn on oath, deposes and says that the foregoing **RESPONDENT'S MOTION TO RECONSIDER DECISION DENYING MOTION FOR SUMMARY JUDGMENT** was served upon the following named parties or counsel of record:

>David Shannon, Esq.
>Tenney & Bentley
>111 W. Washington Street
>Suite 1900
>Chicago, IL 60602

by hand delivery from 55 West Wacker Drive, Chicago, Illinois, on or before 5:00 p.m. on this 3rd day of January, 2003.

Subscribed and Sworn to
before me this 3rd day
of January, 2003.

_____
NOTARY PUBLIC

OFFICIAL SEAL
LESLIE TINSLEY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 09-14-06

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN - 3 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| WILLIAM T. DIVANE, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 95 C 6108 |
| | ) | |
| v. | ) | Hon. George W. Lindberg |
| | ) | Presiding Judge |
| KRULL ELECTRIC CO., | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONDENT'S MOTION TO RECONSIDER
## DECISION DENYING MOTION FOR SUMMARY JUDGMENT

Defendant **JOHN CURRY**, by his attorneys, Foran, Nasharr & O'Toole LLC, and moves pursuant to Fed.R.Civ.P.60(b)(6) for reconsideration of the Order of December 16, 2002 denying Defendant's Motion for Summary Judgment, and in further support thereof, states the following:

### I. THE PROVEN AND UNREBUTTED FACT THAT CURRY WAS ABLE TO PAY HIS DEBTS WHEN THEY CAME DUE IN 1998 DEMONSTRATES THAT PLAINTIFF WILL BE UNABLE TO PREVAIL ON ITS CLAIM AT TRIAL.

This Court's decision denying summary judgment to Defendant disregarded and overlooked the legal implications of Curry's demonstration of unrebutted material fact that he was able to pay all of his debts as they came due at all relevant times. Plaintiffs' failure to controvert that material fact establishes that it has not established a genuine issue of material fact regarding Curry's ability to pay his debts when they came due and therefore is not entitled to proceed to trial. The purpose of summary judgment is to pierce the pleadings and assess the

272

proof to determine whether there is a genuine need for trial. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). Summary judgment procedure is designed to isolate and dispose of factually unsupported claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2553 (1986).

Plaintiffs have brought the subject complaint in this matter under UFTA. In order to prevail on a UFTA claim of the nature pleaded by Plaintiffs, the Plaintiffs must prove that the Defendant had an inability to pay his debts as they came due. *Matthews v. Serafin*, 319 Ill.App.3d 72, 76, 744 N.E.2d 934, 936 (3d.Dist. 2001); *see also Technic Engineering Ltd. v. Basic Envirotech, Inc.*, 53 F.Supp.2d 1007 (N.D.Ill. 1999). As recognized by this Court, the only basis upon which the subject conveyance can be set aside under UFTA is if the Plaintiffs establish that the conveyance was made "with the sole intent to avoid the payment of debts existing at the time of the transfer beyond the transferor's ability to pay those debts as they became due." 735 ILCS 5/12-112 (Mem.Op., Dec. 16, 2002 at 4). Thus, because the aforesaid statute makes direct reference to the factor of the Transferor's ability to pay debts as they come due, the case law shows that Plaintiffs must in fact establish that Defendant had an inability to pay his debts as they came due. *See Matthews, supra; Technic Engineering, supra.*

As the record clearly establishes, Curry has shown that he has been able to pay all of his debts as they have come due. Curry's Amended L.R. 56.1 Statement, p.4 and Ex. C thereof, p.3. In response to these submissions, Plaintiffs have not presented any evidence to the contrary but simply urge that Curry's Affidavit of April 2, 1998 constitutes an "admission" that is directly to the contrary. The Court has overlooked the inadequacy of this position. The essential point is that in no way does the Affidavit directly contradict the assertion that Curry

2

was able to pay his debts as they came due. In point of fact, that assertion appears nowhere in the April 2, 1998 Affidavit. This Court's failure to recognize that fact is reflected in this Court's incorrect recitations of the contents of the April 2, 1998 Affidavit. (For example, the Court stated that the Affidavit stated that Curry "did not have enough cash to pay the sanction and that even if he liquidated his assets, he still would be unable to satisfy the sanction award *or* the claims of his other creditors." Mem, Op. at 2. The actual statement contained in the Affidavit to which the Court refers read as follows: "I would be required to liquidate my current assets in order to pay the attorneys and find and there would still be an amount owing and I would be left incapable of satisfying my remaining creditors." As previously shown, the foregoing obviously ungrammatical sentence was transcribed in error in April 1998.)

The Affidavit makes no reference whatsoever regarding Curry's ability to pay his debts *as they came due*. Moreover, the Affidavit in question represents an opinion of the Affiant and not an established fact. The burden in on the Plaintiffs to establish the facts regarding Curry's inability to make payments as debts became due, and the evidentiary submissions submitted by Curry, which were unrebutted by the Plaintiffs, show that Plaintiffs will be unable to sustain their burden of proof. *See Matthews, supra; Technic Engineering, supra; People ex rel. Hardigan v. Anderson*, 232 IllApp.3d 273, 275, 597 N.E.2d 826, 828 (3d Dist. 1992)("... it must appear that the transferor did not retain sufficient property to pay his indebtedness.").

Furthermore, the statements contained in the Affidavit must be viewed in the context of the existence of debt at the time of the conveyance and at what time any debt came due. See 735 ILCS 5/12-112. The Court's failure to do so is reflected in its statement in the Memorandum Opinion that "the trier of fact must determine the credibility of Curry recent

3

statement that he had the ability to pay his debts *at the time of* the conveyance..." Mem. Op., at 4. As shown by the aforesaid case law, the applicable standard is whether the Defendant was able to pay his debts *as they came due*. Thus the conveyance and the April 2, 1998 Affidavit must be viewed in light of the sanction amount and when it came due.

The Court must take judicial notice of the record here. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074 (7th Cir. 1997). On March 24, 1998, as recognized in the Memorandum Opinion, this Court imposed a sanction that can only be read as amounting to $45,171.07. See R.73,74. The conveyance in question was made approximately seven days after that date. Pursuant to the Federal Rules of Civil Procedure, the sanction amount ordered on March 24, 1998 was subject to an automatic ten day stay of execution (Rule 62(a)), therefore the subject transfer of property occurred during the time of that automatic stay, which stay expired on April 3, 1998. On the same day that the referenced Affidavit was filed, Curry filed a Motion to Amend the Sanction Judgment (R.83) and filed a motion to stay execution of the sanction judgment (R.83). On the same day, this Court granted the motion for stay of execution, staying execution on the judgment until the Court's ruling on the motion to amend the judgment. R.86. On April 6, 1998, this Court denied Curry's motion to amend the sanction judgment, however, this Court reduced the sanction amount sua sponte to the amount of $35,598.69 on grounds other than Curry's argument that the sanction would have an adverse impact on his financial condition. R.90. On April 24, 1998, this Court ordered a stay of enforcement of the sanction judgment on the condition that Curry post a surety bond in the amount of $35,598.69. R.98. On May 6, 1998, a supersedeas bond in the amount of $35,598.69 in favor of the Plaintiffs on the sanction judgment amount was filed with this

4

Court. R.103. As a bond satisfying the conditions set by the Court had been filed, execution on the judgment was stayed until conclusion of the appeal filed seeking to reverse the same. In December 1999, the sanction judgment amount was vacated.

The importance of the foregoing shows that at no time was the $45,171.07 sanction judgment due and payable. At the time the April 2, 1998 Affidavit was presented, a further motion to stay the judgment was also presented and in fact granted on the same day. R.86. On April 9, 1998, the judgment was reduced by almost twenty-five percent. Accordingly, even though a $45,171.07 was outstanding on the date of the property transfer, there was, at that time, no set date upon which that amount became due and owing, and it in fact never became due as a result of the reduction of the judgment amount on April 9, 1998. In fact, this is conceded by Plaintiffs' Complaint, which never asserts that its claim amounted to $45,171.07. See Complaint. What the Plaintiffs were required to show, and were unable to show, on the Motion for Summary Judgment was that there was a genuine issue of material fact that Curry was unable to pay his debts as they came due on the date of the conveyance in light of a $35,598.00 liability for which security was posted and which itself never came due. As the April 2, 1998 Affidavit clearly applied to a situation where a $45,171.07 judgment was immediately due and payable, which was not the case on either the date of the conveyance, the date of the Affidavit, or on April 3, 1998 (when the stay of execution was extended), the statements made in the Affidavit have no relevance to the issue of whether Curry was able to make payment of his debts when they came due. In determining whether a debtor was insolvent for the purposes of applying UFTA, the "value" of the claim asserted must be established, and if the facts and circumstances demonstrate that the value must be reduced, the
5

reduced value is the one upon which the court must rely in order to determine the debtor's solvency. *See In Re Apex Automotive Warehouse*, 238 B.R. 758 (N.D.Ill. 1999) (potential value of a cause of action at the time of the transfers was contingent and value had to be reduced). Thus, it is inappropriate to assess whether the subject transfer rendered Curry unable to pay a $45,171.07 judgment as it came due, because that amount never came due. The reduction of the judgment to $35,598.00, which itself never came due, alone eradicates the applicability of the April 2, 1998 Affidavit to permit Plaintiffs to proceed to trial.

Accordingly, the April 2, 1998 Affidavit is useless as evidence bearing upon the issue of whether Curry was able to pay his debts as they came due at the time of the transfer. Accordingly, there is no genuine issue of material fact in view of Curry's demonstration that not only was he able, but he in fact did, pay his debts as they came due. See Amended L.R. 56.1 Statement.

Although it is not clear in the language of the Memorandum Opinion, this Court has suggested that the only fact which the Plaintiffs must prove is that the contested conveyance was made with "the sole intent" to avoid the payment of debts existing at the time of the transfer. Thus one interpretation of this Court's opinion is that even if Curry was able to pay his debts as they came due, if the transfer was made with the intent to avoid them, the Plaintiffs are entitled to relief under UFTA. This is an absurd conclusion under Illinois law. As shown above, in UFTA cases which do not deal with tenancy by the entirety, if payment of debt as debt comes due is an issue upon which either an actual intent or a constructive intent case under UFTA is based, it is the Plaintiffs' burden to show that the debtor was unable to pay those debts as they came due. *See Matthews, supra; Technic Engineering, supra;*

6

*Hardigan, supra.* The statute set forth at 735 ILCS 5/12-112 upon which this case is based reflects an intention in the law to provide greater protection from creditors under UFTA for tenancy by the entirety transfers. The Illinois Supreme Court has stated that due to this statute, the "sole intent standard provides greater protection from creditors for transfers of property to tenancy by the entirety [in comparison to the standard under UFTA]." *Premier Property Management, Inc. v. Chavez*, 191 Ill.2d 101, 110, 728 N.E.2d 476, 482 (2000). In considering the legislative intent behind the statute, the Illinois Supreme Court further stated that the Illinois "General Assembly, by adopting the sole intent standard, has made it clear that it intends to provide spouses... with greater protection... than that provided by [UFTA]." *Id.*

In this case, the Plaintiffs seem to be suggesting that §12-112 provides creditors with one step forward as well as one step backward. It seems to be the Plaintiffs' position that the "sole intent" standard permits them to bring a case on the transferor's state of mind only regardless of the transferor's ability to pay debts as they become due. As shown, if this were a standard UFTA case, the transferor's subjective intentions alone are insufficient to support a case, and ability to pay debts as they come due is a necessary element of proof. *See Matthew, supra; Technic Engineering, supra; Hardigan, supra.* Plaintiffs seem to contend that §12-112 permits them to avoid the factual issue of the debtor's ability to pay his debts as they come due and that even if the debtor was so enabled, if the creditor can prove that the "sole intent" to avoid debt payment existed, the creditor has satisfied the standard under §12-112 regardless of the debtor's ability to pay. This is an absurd construction of the law. Such a construction would render the legislative intent to provide "greater protection" meaningless, because a creditor under UFTA would no longer be required to establish a necessary element otherwise

7

required under UFTA. It should be obvious that if the debtor was able to pay his debts as they came due, such proof is sufficient to controvert the creditors' contention that the transferor's state of mind harbored a "sole intent" to avoid payment of those debts. Therefore, under Illinois law, it is clear that a debtor's demonstration that he was able to pay debts as they became due constitutes an absolute defense to a creditors' claim related to §12-122. In this case, the sanction award never came due (and remains not due and owing), and at all relevant times Curry has been able to post sufficient security before the sanction award insuring the creditors' satisfaction in the event of an adverse decision on appeal. (R.103, R.229-239.)

Curry clearly demonstrated his ability to pay debts as they came due. The sanction award amount of $45,171.07 never came due and was stayed at all relevant times. The reduced amount of $35,598.00 never came due, as it was vacated on appeal. The reduced amount of approximately $21,000 has not become due pending appeal as a result of the posting of a supersedeas bond. The Affidavit of April 2, 1998 has no bearing on whether Curry was able to pay his debts as they came due after March 24, 1998. Curry has amply demonstrated that he was able to pay his debts as they came due in 1998, including the posting of bonds on appeal, and Plaintiffs have failed to controvert this showing by any means other than referring to the Affidavit of April 2, 1998, shown above to be irrelevant to these considerations. Accordingly, there is no genuine issue of material fact preventing an award of summary judgment in favor of the Defendant.

## II. MULTIPLE MOTIONS FOR SUMMARY JUDGMENT ARE NOT INAPPROPRIATE.

Rule 56 provides that a party against whom a claim is asserted may, *at any time*, move for summary judgment. This motion was brought after Plaintiffs made it plain to the Court that the only witness they intended to call in the trial of this cause was the Defendant. The motion was also filed after this Court suspended trial with no new date. The foregoing constitutes sufficient "good reasons" for bringing a second motion for summary judgment as recognized in this jurisdiction. *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). Plaintiffs' reliance on Defendant as the only witness mirrors the importance of the matters discussed in Section I of this motion and the consequential uselessness of trial.

For all the foregoing reasons, the Order of December 16, 2002 should be vacated and summary judgment should be entered in favor of Defendant and against Plaintiff.

Respectfully submitted,

JOHN CURRY

By: _____
One of Defendant's attorneys

Anthony J. Nasharr
John J. Curry
Foran, Nasharr & O'Toole LLC
Attorneys for Defendant
55 West Wacker Drive, Suite 925
Chicago, Illinois 60601
(312) 704-4444